## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE PEREZ AYALA<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>NOEL MELENDEZ RODRIGUEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiffs,<br><br>v.<br><br>NEIGHBOUR, INC.<br>d/b/a LAOS IN TOWN<br>250 K Street NE<br>Washington, DC 20002<br><br>BP GROUP, INC.<br>d/b/a ROYAL THAI<br>507 H Street NW<br>Washington, DC 20001<br><br>WONGNIWAT ONGSANGKOON<br>a/k/a NICK ONGSANGKOON<br>5927 Sir Cambridge Way<br>Alexandria, VA 22315<br><br>BENJAMAS M. TIATASIN<br>250 K Street NE, Apt. 812<br>Washington, DC 20002<br><br>INGHATHAI MUANGKARN<br>1910 13th Street N<br>Arlington, VA 22201<br><br>    Defendants. | Civil Action No. _____<br><br>**COMPLAINT** |

# COMPLAINT

1. Defendants own and operate two Thai restaurants in Washington, D.C. at which Defendants employed Plaintiffs concurrently. In other words, Plaintiffs regularly worked for both of Defendants' restaurants every workweek. Though Plaintiffs worked more than forty hours per week across the two restaurants, Defendants did not pay Plaintiffs overtime wages. Moreover, Defendants did not pay Plaintiff Perez Ayala the D.C. minimum wage.

2. Plaintiffs bring this action against Neighbour, Inc., BP Group, Inc., Wongniwat Ongsangkoon, Benjamas M. Tiatasin, and Inghathai Muangkarn ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5. Plaintiff Jose Perez Ayala is an adult resident of the District of Columbia.

6. Plaintiff Noel Melendez Rodriguez is an adult resident of the District of Columbia.

7.	Defendant Neighbour, Inc. is a District of Columbia corporation. It does business as Laos in Town, a restaurant located at 250 K Street NE, Washington, DC 20002. Its principal place of business is registered with the Department of Consumer and Regulatory Affairs as 507 H Street NW, Washington, DC 20001. Its registered agent for service of process is Ace Corporate Services, Inc., 250 11th Street NW, Washington, DC 20002.

8.	Defendant BP Group, Inc. is a District of Columbia corporation. It does business as Royal Thai, a restaurant located at 507 H Street NW, Washington, DC 20001. Its principal place of business is registered with the Department of Consumer and Regulatory Affairs as 507 H Street NW, Washington, DC 20001. Its registered agent for service of process is Professional Registered Agents, Inc., 2600 Viginia Avenue NW, Suite 1112, Washington, DC 20037.

9.	Defendant Wongniwat Ongsangkoon is an adult resident of Virginia. He resides at 5927 Sir Cambridge Way, Alexandria, VA 22315. He is an owner and officer of Defendants Neighbour, Inc. and BP Group, Inc. He exercises control over the operations of Neighbour, Inc. and BP Group, Inc. — including their pay practices.

10.	Defendant Benjamas M. Tiatasin is an adult resident of the District of Columbia. She resides at 250 K Street NE, Apt. 812, Washington, DC 20002. She is an owner and officer of Defendants Neighbour, Inc. and BP Group, Inc. She exercises control over the operations of Neighbour, Inc. and BP Group, Inc. — including their pay practices.

11.	Defendant Inghathai Muangkarn is an adult resident of Virginia. She resides at 1910 13th Street N, Arlington, VA 22201. She is an owner and officer of Defendants Neighbour, Inc. and BP Group, Inc. She exercises control over the operations of Neighbour, Inc. and BP Group, Inc. — including their pay practices.

**Allegations Regarding Joint Employment**

12. At all relevant times, Royal Thai and Laos in Town shared the same managers, specifically: Defendants Ongsangkoon, Tiatasin, and Muangkarn.

13. At all relevant times, Defendants required Plaintiffs to split their weekly work schedules between Royal Thai and Laos in Town.

14. At all relevant times, Defendants required at least two other hourly employees besides Plaintiffs to split their weekly work schedules between Royal Thai and Laos in Town.

15. Defendants coordinated the schedules of Plaintiffs — and the other hourly employees who worked concurrently at both restaurants — so as not to cause a conflict with any one restaurant's staffing needs.

16. Though Plaintiffs worked at both restaurants, they only interviewed and applied for jobs at one: Laos in Town. Defendants did not require Plaintiffs to re-interview or to reapply for a job at Royal Thai.

17. When Defendants fired Plaintiff Melendez Rodriguez, Defendants terminated him simultaneously from both Royal Thai and Laos in Town.

18. At all relevant times, Defendants purchased food and materials that were shared between both restaurants without regard to which restaurant actually purchased them.

19. Moreover, both restaurants produced dishes that were later sold by the other. For example, dishes such as mango sticky rice and "royal custard" are made at Laos in Town but sold at Royal Thai. And dishes such as spring rolls and crispy rice salad are made at Royal Thai but sold at Laos in Town.

20. Defendants typically paid Plaintiffs with two checks: one from each restaurant. However, Defendants typically tendered these two checks simultaneously, and only when Plaintiffs were working at Laos in Town.

### Factual Allegations Specific to Plaintiff Perez Ayala

21. Plaintiff Perez Ayala worked concurrently at both Laos in Town and Royal Thai from approximately March 18, 2021 through approximately June 18, 2022.

22. Plaintiff Perez Ayala worked at Laos in Town and Royal Thai as a food runner and as a kitchen laborer.

23. Plaintiff Perez Ayala's job duties at Laos in Town and Royal Thai primarily consisted of delivering orders to tables, preparing and cooking food, washing dishes as needed, assisting with inventory, handling deliveries, assisting with maintenance around the restaurants, and cleaning his work area at the end of each shift.

24. At Laos in Town, Plaintiff Perez Ayala typically and customarily worked an average of thirty-six and a half hours per week.

25. At Royal Thai, Plaintiff Perez Ayala typically and customarily worked an average of thirty-six hours per week.

26. Across both restaurants, Plaintiff Perez Ayala typically and customarily worked six to seven days per week.

27. Across both restaurants, Plaintiff Perez Ayala typically and customarily worked an average of seventy-two and a half hours per week.

28. At all relevant times, Defendants paid Plaintiff Perez Ayala by the hour.

29. Defendants paid Plaintiff Perez Ayala an average of approximately $12.50 per hour.

30. At all relevant times, Defendants paid Plaintiff Perez Ayala in two separate checks with no accompanying paystubs: one check corresponding to his work for Laos in Town, and a second check corresponding to his work for Royal Thai.

31. At all relevant times, Plaintiff Perez Ayala worked more than forty hours per workweek for Defendants.

32. At all relevant times, Defendants paid Plaintiff Perez Ayala the same regular hourly rate across all hours worked.

33. At all relevant times, Defendants did not pay Plaintiff Perez Ayala overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

34. In addition to not paying overtime wages, Defendants did not pay Plaintiff Perez Ayala the applicable D.C. minimum wage.

35. The District of Columbia required Defendants to pay non-exempt employees at least $15.00 per hour from July 1, 2020 through June 30, 2021, and $15.20 from July 1, 2021 through June 30, 2022. D.C. Code § 32-1003(a).

36. Defendants owe Plaintiff Perez Ayala approximately $28,617.01 in minimum and overtime wages (excluding liquidated damages).

### Factual Allegations Specific to Plaintiff Melendez Rodriguez

37. Plaintiff Melendez Rodriguez worked exclusively at Laos in Town from approximately February 12, 2021 through approximately March 9, 2021.

38. Plaintiff Melendez Rodriguez worked concurrently at both Laos in Town and Royal Thai from approximately March 10, 2021 through approximately June 6, 2022.

39. Plaintiff Melendez Rodriguez worked at Laos in Town and Royal Thai as a food runner and kitchen laborer.

6

40. Plaintiff Melendez Rodriguez's job duties at Laos in Town and Royal Thai primarily consisted of delivering orders to tables, preparing and cooking food, and cleaning his work area at the end of each shift.

41. When Plaintiff Melendez Rodriguez worked exclusively at Laos in Town, from approximately February 12, 2021 through approximately March 9, 2021, he typically and customarily worked approximately three days a week for approximately thirty-one and a half hours.

42. On approximately March 10, 2021, Plaintiff Melendez Rodriguez began to work concurrently at both Laos in Town and Royal Thai.

43. When Plaintiff Melendez Rodriguez worked concurrently for Laos in Town and Royal Thai, he typically and customarily worked approximately six days a week.

44. When Plaintiff Melendez Rodriguez worked concurrently for Laos in Town and Royal Thai, he typically and customarily worked an average of sixty-one hours per week.

45. At all relevant times, Defendants paid Plaintiff Melendez Rodriguez $15.20 per hour.

46. At all relevant times, Defendants paid Plaintiff Melendez Rodriguez by check with no accompanying paystubs.

47. Plaintiff Melendez Rodriguez typically and customarily worked more than forty hours per workweek for Defendants.

48. At all relevant times, Defendants paid Plaintiff Melendez Rodriguez the same regular hourly rate across all hours worked.

49. Defendants did not always pay Plaintiff Melendez Rodriguez overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

50. Defendants owe Plaintiff Melendez Rodriguez approximately $10,533.60 in overtime wages (excluding liquidated damages).

**Factual Allegations Common to All Plaintiffs**

51. Defendants own and operate the restaurant Laos in Town, located at 250 K Street NE, Washington, DC 20002.

52. Defendants also own and operate the restaurant Royal Thai, located at 507 H Street NW, Washington, DC 20001.

53. Defendant Wongniwat Ongsangkoon participated in the decision to set the restaurants' hours of operations.

54. Defendant Wongniwat Ongsangkoon participated in hiring and firing employees on behalf of Neighbour, Inc. and BP Group, Inc.

55. Defendant Wongniwat Ongsangkoon participated in hiring Plaintiffs.

56. Defendant Wongniwat Ongsangkoon participated in the decision to fire Plaintiff Noel Melendez Rodriguez.

57. Defendant Wongniwat Ongsangkoon participated in setting Plaintiffs' work schedules.

58. Defendant Wongniwat Ongsangkoon participated in supervising Plaintiffs' work.

59. Defendant Wongniwat Ongsangkoon participated in setting Plaintiffs' rate and manner of pay.

60. Defendant Wongniwat Ongsangkoon had the authority to sign checks on behalf of Neighbour, Inc. and BP Group, Inc.

61. Defendant Wongniwat Ongsangkoon has signed checks on behalf of Neighbour, Inc. and BP Group, Inc.

62. Defendant Wongniwat Ongsangkoon has personally tendered Plaintiffs their paychecks.

63. Defendant Benjamas M. Tiatasin participated in setting the restaurants' hours of operations.

64. Defendant Benjamas M. Tiatasin participated in hiring and firing employees on behalf of Neighbour, Inc. and BP Group, Inc.

65. Defendant Benjamas M. Tiatasin participated in hiring Plaintiffs.

66. Defendant Benjamas M. Tiatasin participated in the decision to fire Plaintiff Noel Melendez Rodriguez.

67. Defendant Benjamas M. Tiatasin participated in setting Plaintiffs' work schedules.

68. Defendant Benjamas M. Tiatasin participated in supervising Plaintiffs' work.

69. Defendant Benjamas M. Tiatasin participated in setting Plaintiffs' rate and manner of pay.

70. Defendant Benjamas M. Tiatasin had the authority to sign checks on behalf of Neighbour, Inc. and BP Group, Inc.

71. Defendant Benjamas M. Tiatasin has signed checks on behalf of Neighbour, Inc. and BP Group, Inc.

72. Defendant Benjamas M. Tiatasin has personally tendered Plaintiffs their paychecks.

73. Defendant Inghathai Muangkarn participated in the decision to set the restaurants' hours of operations.

74. Defendant Inghathai Muangkarn participated in hiring and firing employees on behalf of Neighbour, Inc. and BP Group, Inc.

75. Defendant Inghathai Muangkarn participated in hiring Plaintiffs.

76. Defendant Inghathai Muangkarn participated in the decision to fire Plaintiff Melendez Rodriguez.

77. Defendant Inghathai Muangkarn participated in setting Plaintiffs' work schedules.

78. Defendant Inghathai Muangkarn participated in supervising Plaintiffs' work.

79. Defendant Inghathai Muangkarn participated in setting Plaintiffs' rate and manner of pay.

80. Defendant Inghathai Muangkarn had the authority to sign checks on behalf of Neighbour, Inc. and BP Group, Inc.

81. Defendant Inghathai Muangkarn has signed checks on behalf of Neighbour, Inc. and BP Group, Inc.

82. Defendant Inghathai Muangkarn has personally tendered Plaintiffs their paychecks.

83. At all relevant times, each Defendant had the power to hire and fire Plaintiffs.

84. At all relevant times, each Defendant had the power to control Plaintiffs' work schedule.

85. At all relevant times, each Defendant had the power to supervise and control Plaintiffs' work.

86. At all relevant times, each Defendant had the power to set Plaintiffs' rate and manner of pay.

87. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

88. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiffs the applicable D.C. minimum wage.

89. At all relevant times, each Defendant was aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

90. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

91. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

92. At all relevant times, Defendants had employees who handled food products, such as rice, chicken, pork, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

93. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

94. Each Defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

95. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

96. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

97. Defendants' violations of the FLSA were willful.

98. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

99. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

100. Each Defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

101.    The DCMWA required that employers pay non-exempt employees at least $15.00 per hour from July 1, 2020 through June 30, 2021, and $15.20 from July 1, 2021 through June 30, 2022. D.C. Code § 32-1003(a).

102.    The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

103.    Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

104.    Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

105.    Defendants' violations of the DCMWA were willful.

106.    For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

107.    Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

108.    Each Defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

109.    The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

110. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

111. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

112. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including minimum and overtime wages.

113. Defendants' violations of the DCWPCL were willful.

114. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$164,056.04**, and grant the following relief:

    a. Award Plaintiffs $156,602.44, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

　　　ii.　　unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

　　　iii.　　unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.　　Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c.　　Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $7,051.60);

d.　　Award Plaintiffs court costs (currently, $402.00); and

e.　　Award any additional relief the Court deems just.

July 12, 2022　　　　　　　　　　　　　　　　Respectfully submitted,

**DCWAGELAW**

By: /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*